IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

DIXON WRENN,

               Plaintiff,

v.                                      CIVIL ACTION NO.  5:12-cv-01169

BANK OF AMERICA HOME LOANS, LP,

               Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Bank of America, N.A.'s*[1] *Motion to Dismiss* (Document 5) and its supporting memorandum (Document 6).  After careful consideration of the Complaint and Defendant's written submissions, the Court grants in part and denies in part Bank of America, N.A.'s motion for the reasons set forth below.

## I.    BACKGROUND

On March 1, 2012, Plaintiff, Dixon Wrenn, filed his Complaint against Defendant Bank of America, N.A. ("Defendant"), in the Circuit Court of Raleigh County, West Virginia, for violations of the West Virginia Consumer Credit and Protection Act ("WVCCPA"), pursuant to W. Va. Code §§ 46A-2-125, 127, 128(e).  (Def.'s Notice of Removal, Ex. A. Complaint

---

[1] Bank of America, N.A. "responds as successor by merger to BAC Home Loans Servicing, LP." (Bank of America, N.A.'s Motion to Dismiss ("Def.'s Mot.") (Document 5) at 1, n.1). In doing so, Bank of America, N.A. asserts that Plaintiff named as defendant a legal entity that does not exist, that is "Bank of America Home Loans, LP." Bank of America, N.A. states that "[i]t [has] assumed that Plaintiff intended to sue BAC Home Loans Servicing, LP[, but that] BAC Home Loans Servicing, LP is no longer an existing legal entity[,] since BAC Home Loans Servicing, LP merged into Bank of America, N.A. effective July 1, 2011." (*Id.*)  Plaintiff neither objects nor responds to this representation. Therefore, the Court will consider Bank of America, N.A. as the proper party defendant. Should this matter survive the instant motion, the Court directs the parties to confer with respect to the proper name of the defendant and move appropriately for the docket to be corrected.

(Document 1-1)). Plaintiff avers, "[a]fter [he] became in arrears upon the alleged indebtedness to Defendant[,] the Defendant began to engage in [the] collection of such indebtedness through the use of telephone calls place[d] to [him] or through the U.S. Mail"; "Defendant caused telephone collection calls to be repeatedly placed to [his] home and place of employment[,]" and he "retained legal counsel to represent his interest" with respect to the debt. (Compl. ¶¶ 5-7.) Plaintiff alleges he informed Defendant that he was represented by counsel and provided the name and telephone number of the attorney. (Compl. ¶ 7.) However, Defendant's calls did not cease. Plaintiff further alleges that "Defendant maintains records of each call placed to him by date, time duration of call, the identity of [its] employee and notes or codes placed upon such record." (Compl. ¶¶ 8-9.) As a result, Plaintiff alleges in Count I that Defendant engaged in repeated violations of WVCCPA by "[m]aking harassing calls at [his] place of employment with the intent to annoy and harass [him] in violation of WV Code § 46A-2-125; and [c]ontacting Plaintiff even after discovering Plaintiff was represented by legal counsel in violation of WV Code § 46A-2-128(e)." (Compl. ¶¶ 12(c) and (d)).

Plaintiff also asserts four common law claims. In Count II, Plaintiff alleges "Defendant negligently failed to train, supervise, monitor or otherwise control its employees to ensure that its employees did not violate the WVCCPA as alleged in Count I." (Compl. ¶15). With respect to Counts III and IV, Plaintiff "incorporates the previous paragraphs" and alleges "[t]he conduct of Defendant as aforesaid was outrageous and thus constitutes the tort of intentional infliction of emotional distress under West Virginia law[]" (Compl. ¶ 18) and that "Defendant's conduct as aforesaid constitutes negligent infliction of emotional distress under West Virginia law." (Compl. ¶ 22.) As to each claim, Plaintiff alleges that as a result of Defendant's actions, he has suffered "severe and intense emotional distress" and "has been annoyed, inconvenienced and

harassed." (Compl. ¶¶ 19-20, 23-24.) In Court V, Plaintiff asserts an invasion of privacy claim, wherein he merely alleges that he "incorporates the previous paragraphs as stated above." (Compl. ¶ 25.) Plaintiff seeks actual damages and civil penalties for each violation, statutory damages as adjusted for inflation pursuant to W. Va. Code § 46A-5-106, general and punitive damages and the cost of litigation, including attorney fees, court costs and fees. (Compl. at 4).

On April 16, 2012, Defendant removed this action to this Court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332 (Notice of Removal (Document 1)). In the instant motion, Defendant moves for the dismissal of each asserted claim and "any further relief that the Court deems appropriate, including attorney fees and costs associated with the preparation of this motion." (Document 5 at 10). To date, Plaintiff has not filed an opposition or other response.

## II. STANDARD OF REVIEW

Defendant moves to dismiss Plaintiff's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008). "[T]he legal sufficiency of a complaint is measured by whether it meets the standard stated in Rule 8 [of the Federal Rules of Civil Procedure] (providing general rules of pleading) . . . and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted.)" (*Id*.) Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Additionally, allegations "must be simple, concise, and direct." Fed.R.Civ.P. 8(d)(1). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an

unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555. Moreover, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 557). The Court must "accept as true all of the factual allegations contained in the complaint" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007), and "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Iqbal,* 556 U.S. at 679. Furthermore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). Put differently, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 570). A plaintiff must, using the complaint, "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557). "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court

to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

### III. DISCUSSION

Defendant challenges the sufficiency of Plaintiff's Complaint by asserting that it "fails to place Defendant on reasonable notice of the substance of the dispute, the allegations made against it, or the relief sought for the alleged wrongdoing." (Memorandum of Law in Support of Defendant Bank of America, N.A.'s Motion to Dismiss ("Def.'s Mem.") (Document 6) at 4.) Defendant generally argues that "[a]ll five causes of action rely on six substantive numbered paragraphs" and that Plaintiff has only offered "bare and conclusory allegations" to support each claim. (*Id.*) *In totem*, Defendant contends Plaintiff failed to plead sufficient facts or information for this Court to consider.

The Court has reviewed the substance of Plaintiff's claims and finds that, even assuming Plaintiff's allegations to be true, he has failed to state a claim upon which relief can be granted with respect to several of his claims. The Court will review each claim separately.

    A. *Count I – Illegal Debt Collection Practices*

Plaintiff alleges Defendant: "(a) made false representations as to the character, extent and amount of the claim against Plaintiff, in violation of WV Code § 46A-2-127; (b) [sent] letters with the intent to annoy and harass Plaintiff; (c) [made] harassing calls at Plaintiff's place of employment with the intent to annoy and harass Plaintiff in violation of WV Code § 46A-2-125[2];

---

[2] W. Va. Code § 46A-2-125 provides in relevant part, that:
> No debt collector shall unreasonably oppress or abuse any person in connection with the collection of or attempt to collect any claim alleged to be due and owing by that person or another. Without limiting the general application of the foregoing, the following conduct is deemed to violate this section:
>
> (d) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously, or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at

and (d) [contacted] Plaintiff even after discovering Plaintiff was represented by legal counsel in violation of WV Code § 46-2-128(e).[3]" (Compl.¶ 12.)

Defendant argues that Plaintiff has merely compiled a list of legal conclusions without the inclusion of a "single fact" in support of these allegations. (Def.'s Mem. at 4.) Defendant highlights Plaintiff's failure to allege facts relating to the debt, including the "character, extent or amount of the debt," "the type of debt at issue[,] or when [he] incurred such debt[.]" (*Id*. at 4-5.) Defendant argues that "Plaintiff has not included a single date of any alleged event in the Complaint[,]" such as when he retained counsel, when he informed Defendant of the representation of the attorney, or when Defendant placed phone calls to him. (*Id*. at 5.) Defendant contends that the Complaint offers no factual support for any claim that Defendant misrepresented the character, extent or amount of the debt, or that phone calls made or letters sent to Plaintiff were harassing or made with the intent to annoy or harass. (*Id*.) Defendant emphasizes "Plaintiff cannot state a claim by simply stating that Defendant violated a statute without providing a shred of fact in support of this claim." (*Id*. at 6.)

The Court has considered Plaintiff's allegations that Defendant violated several statutes pursuant to the WVCCPA, but finds that he fails to articulate facts, general or specific,

---

the called number.

W. Va. Code § 46A-2-125(d).

[3]  W. Va. Code § 46A-2-128 provides in relevant part, that:
> No debt collector shall use unfair or unconscionable means to collect or attempt to collect any claim. Without limiting the general application of the foregoing, the following conduct is deemed to violate this section:
>
> (e) Any communication with a consumer whenever it appears that the consumer is represented by an attorney and the attorney's name and address are known, or could be easily ascertained, unless the attorney fails to answer correspondence, return phone calls or discuss the obligation in question or unless the attorney consents to direct communication.

W. Va. Code, § 46A-2-128(e).

6

explaining how Defendant could be liable under Section 46A-2-127. W. Va. Code § 46A-2-127 provides in relevant part, that:

> No debt collector shall use any fraudulent, deceptive or misleading representation or means to collect or attempt to collect claims or to obtain information concerning consumers. Without limiting the general application of the foregoing, the following conduct is deemed to violate this section:
>
> (d) Any false representation or implication of the character, extent or amount of a claim against a consumer, or of its status in any legal proceeding.

W. Va. Code § 46A-2-127(d). Plaintiff fails to mention the character, extent or amount of the original debt, or how the Defendant made false representations, if any, relating to the unknown amount. Likewise, Plaintiff fails to mention any of the letters allegedly sent to him, except that "defendant began to engage in collection of such indebtedness through the use of telephone calls place (sic) to Plaintiff *or through the U.S. Mail*." (Compl. ¶ 5) (emphasis added). Plaintiff fails to plead how many letters, if any, were received from Defendant, what they contained, when they were sent, or how the letters could be construed to be the product of any intent to annoy and harass Plaintiff. Thus, Plaintiff has not "give[n] the defendant fair notice of what the . . . claim is and grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "A complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 557). Plaintiff failed to demonstrate, as currently pled, more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 570; *Twombly,* 550 U.S. at 570. As such, Plaintiff's claim pursuant to W. Va. Code § 46A-2-127 should be dismissed.

However, Plaintiff's claims pursuant to W.Va. Code § 46A-2-125 and § 46A-2-128(e) survive Defendant's instant motion. Plaintiff asserts he hired legal counsel, and that "[d]uring

7

those calls, Plaintiff told Defendant's employee that [he] was represented by an attorney and gave Defendant's employee the name and telephone number of his attorney [and] [t]hereafter, Defendant continued placing calls to Plaintiff[.]" (Compl. ¶¶ 6-8). Drawing all inferences from the facts in Plaintiff's favor, the Court finds it plausible on its face Defendant violated WV Code § 46A-2-125 and § 46A-2-128(e), respectively.

    *B. Count II - Negligence*

With respect to Plaintiff's negligence claim, Defendant asserts "Plaintiff does not - nor could he - allege any duty owed by Defendant to Plaintiff. Even if Plaintiff could allege such a duty, he failed to allege any breach of duty, or any damages resulting from such a breach." (*Id*. at 7.)

To maintain a negligence action, a plaintiff must allege "that the defendant has been guilty of some act or omission in violation of a duty owed to the plaintiff." *Aikens v. Debow*, 541 S.E.2d 576, 580 (W.Va. 2000). Furthermore, a plaintiff must allege that the defendant's negligence was the proximate cause of the plaintiff's injury. (*Id.* at 491.) In his complaint, Plaintiff does not allege that Defendant owed him a duty. However, Plaintiff alleges "Defendant negligently failed to train[,] supervise, monitor or otherwise control its employees to ensure that its employees did not violate the WVCCPA as alleged in Count I." (Compl. ¶ 15). Plaintiff asserts no facts which suggest Defendant failed to properly train, supervise, monitor, or otherwise control its employee(s). Taking everything Plaintiff alleges as true, a showing of negligence simply cannot be made. Thus, this Court finds the claim should be dismissed for Plaintiff's failure to state a claim upon which relief can be granted.

    *C. Count III - Intentional Infliction of Emotional Distress (IIED)*

In West Virginia, the tort of intentional infliction of emotional distress or the tort of

8

outrage was first defined in *Harless v. First Nat'l Bank in Fairmont*, 289 S.E.2d 692 (W. Va. 1982). In that case, the West Virginia Supreme Court of Appeals stated that "one who by extreme or outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm." *Harless*, 289 S.E.2d at 703 (quoting the Restatement of Torts (Second), § 46). To prevail on this claim, a plaintiff is required to prove that: (1) the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from its conduct; (3) the actions of the defendant caused the plaintiff to suffer emotional distress; and (4) the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it. *Travis v. Alcon Laboratories, Inc.*, 504 S.E.2d. 419, 425 (W.Va. 1998).

With respect to this Count, Plaintiff incorporates most of the allegations in his complaint and specifically alleges that "[t]he conduct of Defendant as aforesaid was outrageous and thus constitutes the tort of intentional infliction of emotional distress." (Compl. ¶ 18.) He also alleges that Defendant's actions directly and proximately resulted in his suffering severe and emotional distress and that he has been annoyed, inconvenienced and harassed." (Compl. ¶¶ 19-20.) Defendant moves for dismissal of this claim by contending that in asserting a claim for intentional infliction of emotional distress, Plaintiff fails to allege: extreme or outrageous behavior, facts to support Defendant's intent to harass or inflict emotional distress or that Defendant acted recklessly, and severe emotional distress that no reasonable person could be expected to endure. (*Id*. at 8.) Accepting as true all factual allegations contained in Plaintiff's complaint, the Court finds that Plaintiff has successfully alleged the necessary facts to state a

cat

claim upon which relief can be granted with respect to this claim. He has detailed the conduct of the Defendant he believes was "extreme and outrageous" and with the intent to harass. He has also included allegations about how this Defendant's conduct affected him. Thus, this Court finds the intentional infliction of emotional distress claim should not be dismissed.

### D. Count IV - Negligent Infliction of Emotional Distress (NIED)

For the asserted reasons that it believed Plaintiff's IIED claim failed, Defendant argues that Plaintiff's NIED claim is also flawed. Defendant contends Plaintiff's NIED claim fails because the "only allegation of fact – that Defendant placed telephone calls to Plaintiff after Defendant knew that Plaintiff was represented by an attorney – cannot support a claim for negligent infliction of emotional distress as a matter of law[.]" (Pl.'s Mem. at 9.)

The West Virginia Supreme Court of Appeals has established that a defendant may be liable for the negligent infliction of emotional distress where "a person closely related [to the plaintiff] suffers critical injury or death as a result of defendant's negligent conduct." Syl. pt. 2, *Heldreth v. Marrs*, 425 S.E.2d 157 (W. Va. 1992.); *see also Marlin v. Bill Rich Constr., Inc*., 482 S.E.2d 620, 653 (1996) (workers exposed to asbestos were permitted to recover for an NIED claim when their emotional distress was based upon the fear of contracting a disease.). Under *Heldreth*, a plaintiff must show that his presence was reasonably foreseeable to the defendant and that his serious emotional distress was a direct and proximate result of witnessing the closely related victim's critical injury or death. (*Heldreth*, 482 S.E.2d at 161.) Here, Plaintiff merely alleges "[t]he Defendant's conduct as aforesaid constitutes negligent infliction of emotional distress under West Virginia law." (Compl. ¶ 22.) Upon consideration of West Virginia's recognition of a negligent infliction of emotional distress claim and the allegations alleged in this

case, the Court finds that Plaintiff has not alleged any facts sufficient to support such a claim. Consequently, the Court finds that Plaintiff's NIED claim should be dismissed.

### E. Count V – Invasion of Privacy

Finally, in West Virginia, there are at least four grounds upon which to support a claim for an invasion of privacy. Specifically, invasion of privacy claims may be asserted by "(1) an unreasonable intrusion upon the seclusion of another; (2) an appropriation of another's name or likeness; (3) unreasonable publicity given to another's private life; and (4) publicity that unreasonably places another in a false light before the public." Syl. pt. 8, *Crump v. Beckley Newspapers, Inc.,* 320 S.E.2d 70 (W.Va. 1984). Defendant argues that Plaintiff has "simply included a header entitled 'Count V – Invasion of Privacy' followed by a single sentence, "[t]he Plaintiff incorporates the previous paragraphs as stated above." (Def.'s Mem. at 9.) (quoting Compl. ¶ 25.) Defendant argues that the minimum standard of pleading has not been accomplished and that "Plaintiff has not alleged a single element or fact in support of an element of this claim." (*Id.*) Additionally, Defendant asserts that if this claim is based on the telephone calls allegedly made by the Defendant, that "Plaintiff does not allege the number of calls made, the times of day the alleged calls were made, or the content of any of the alleged conversations." (*Id.* at 9-10). The Court has considered the entirety of the Complaint and Plaintiff's allegations of the manner in which Defendant contacted him about his debt. Upon consideration of the foregoing, this Court finds an invasion of privacy claim plausible, and thus this claim survives.[4]

---

[4] The Court observes that a complaint nearly identical to the one filed in the instant case was filed in *Pemberton v. U.S. Bank*, Civil Action No.5:11-cv-0630, 2012 WL 37113 (S.D. W. Va. Jan.5, 2012). Although, the complaints in these two cases are substantially similar, the Court observes that the legal challenges to the pleadings, on motions to dismiss, by the defendants, in the two cases, are substantially different. However, the Court notes that the disposition of the intentional infliction of emotional distress and the invasion of privacy claims in the two cases are the same.

## IV. CONCLUSION

Wherefore, as discussed herein, the Court does hereby **ORDER** that Defendant's *Motion to Dismiss* (Document 5) be **GRANTED IN PART AND DENIED IN PART.** Specifically, the Court **ORDERS** that the motion be **GRANTED** as to Count I (Illegal Debt Collection Practices), to the extent Plaintiff alleges a violation of W. Va. Code § 46A-2-127; Count II (Negligence), and Count IV (Negligent Infliction of Emotional Distress) of the Complaint, and that said Counts be **DISMISSED.** The Court further **ORDERS** that the motion be **DENIED** as to the remaining alleged claims.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: January 30, 2013

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA